STEWART, Appellant, *vs.* SEE, Respondent.

1. Where a plaintiff, in a petition under the practice act of 1849, not only prays damages for the breach of a contract, but also the cancellation of a note given under the contract, and has judgment upon both prayers, it is error to tax the costs against him, although the amount of damages recovered is below the jurisdiction of the court. The 12th section of the act concerning costs, (R. C. 1845,) does not apply in such a case. (SCOTT, J., dissenting, holding that the costs were properly taxed against the plaintiff, because the petition showed no ground for the equitable relief sought and obtained; and because the judgment for the cancellation and delivery up of the note was entered in pursuance of an agreement between the parties, by which the judgment of the court, upon the prayer of the cancellation of the note, was made to depend upon the verdict of the jury upon the claim for damages for the breach of the contract.)

*Appeal from Montgomery Circuit Court.*

Action to recover damages for the breach of a contract to transport the plaintiff to California, and to procure the cancel-

lation of a note given pursuant to the contract. It appeared in the petition that a suit on the note was pending on appeal from a justice of the peace.

The bill of exceptions shows that it was agreed between the parties that the judgment of the court, upon the prayer for a cancellation of the note, should depend upon the verdict of a jury upon the claim for damages for breach of the contract. The jury returned a verdict for the plaintiff for $12 33, upon which a judgment was entered for that amount, and also that the note be delivered up and cancelled; and the costs were adjudged against the plaintiff. Afterwards, the plaintiff moved to tax the costs against the defendant. His motion being overruled, he excepted and appealed to this court.

*Broadhead*, for appellant.

*Glover & Richardson*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The judgment given against the plaintiff here, for costs, is erroneous and must be reversed. The general rule is, that, where the plaintiff recovers, he is entitled to costs. (R. C. 1845, tit. Costs, art. 1, sec. 6.) But the 12th section of the same act made it an exception to the rule that, "in actions of debt, covenant and assumpsit, and other actions founded on contract, when the recovery is below the jurisdiction of the court, unless that result be produced by a set-off, costs shall be adjudged against him."

This suit, under our new practice act, was for a compensation in damages, and also for specific relief by a judicial annulment of the promissory note the party had given pursuant to the contract, and the relief he obtained was $12 33 by way of damages and the specific relief prayed for. This, therefore, is not a case where, by mere force of the 12th section, the defendant is entitled to a judgment against the plaintiff for costs. Here are two causes of action set up, one of which is different from those specified in this section, and the plaintiff

Stewart *v.* See.

has judgment for relief upon both causes of action, and we are here to inquire into the propriety of the relief granted.

We are told, however, that, under the 8th section of the 12th article of the new code of procedure, when there are several causes of action united, the court may award separate trials, and when there are separate trials, the court is bound " to award costs against the *unsuccessful* party, unless, for good cause, it is otherwise ordered;" and it is insisted that here was a separate trial in relation to the cause of action for the damages, and that the plaintiff was the unsuccessful party within the meaning of this section, because he recovered less than was sufficient to entitle him to costs under the 12th section of the cost act of 1845.

We are hardly at liberty so to deal with the express words of this law. This is probably a case not provided for in the change made in one mode of proceeding, but we cannot remedy the omission. The party, having sued upon two causes of action and recovered in both, although for one cause his recovery is less than would have entitled him to costs, has not thereby subjected himself to the costs of this case, much less to all the costs.

The judgment must therefore be reversed, and Judge Ryland concurring, it is reversed, and the cause remanded, that a judgment may be given there in conformity with this opinion.

SCOTT, J., dissenting. It appears that there was a suit pending between plaintiff and defendant, in which the present plaintiff was defendant. In that suit, it would have been competent for the plaintiff here to have obtained relief against the note, by showing a failure of its consideration. Under these circumstances, he brought this suit against the defendant to recover damages for the breach of the contract out of which the note had its existence, and, without setting out any ground which, according to the rules of equity, would entitle him to have the note delivered up, he makes such a prayer in his petition. Having recovered damages below the jurisdiction of the

court, the costs, under the statute, were awarded against him. Of this, he complains. I see no ground for reversal in this. Surely, the plaintiff could not avoid the statute condemning him to the payment of costs, by inserting in the close of his petition a prayer for relief, when the case, as made in the petition, furnished no ground for the relief sought. No one pretends that a mere failure of consideration is a ground for the equitable relief of delivering up an instrument to be cancelled. But, it is said, that the prayer for the relief was granted by the judgment, and therefore, though erroneous, yet the plaintiff should have his costs. Without stopping to inquire into the merits or validity of such a defence, it is a sufficient answer to it, that the judgment for the delivery up of the instrument was entered in pursuance of an agreement between the parties, by which the entire controversy was adjusted, leaving the matter of costs unnoticed. If this judgment can be reversed on the ground alleged, then all that a plaintiff has to do, to defeat the statute condemning him to the payment of costs, when he recovers a sum below the jurisdiction of the court, is to write his petition for a legal cause of action, and, in addition to the relief suitable to his cause of action, as stated, insert a prayer for some equitable relief; and if he recovers a sum under the jurisdiction of the court, the simple prayer for equitable relief, though no case suited to such relief is stated, will save him, in the very teeth of the statute, from the payment of costs. Indeed, it would seem that this prayer was made with some such a view, for there was no necessity for it in this action; there was a suit pending in which a full defence to the note could have been made, and there was no necessity for mentioning it in connection with this suit.